UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNSTATE INDUSTRIAL, LLC,

    Plaintiff,                                                        Civ. Action No.: 8:22-cv-2052

v.

COOPER SPEED - STRENGTH SCHOOL, INC.,

    Defendant.

_____/

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Sunstate Industrial, LLC ("Sunstate") files this Complaint for Declaratory Relief against Defendant Cooper Speed - Strength School, Inc. ("Cooper") and states as follows.

### INTRODUCTION

Sunstate owns the Sunstate Center on Waters Avenue. The center includes six light industrial and flex commercial buildings along with common areas, including outdoor spaces. Cooper leases several suites in one of the buildings on the property. The parties dispute whether the lease provides a right for Cooper to use the common areas.

The lease expressly states that it does not include any property, other than certain parking spaces, outside the four walls of the leased building. Cooper appears to nevertheless believe that a right to use the common areas is implied in the lease.

Sunstate respectfully requests that the Court enter a declaratory judgment to resolve the dispute.

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for declaratory relief.

2. Sunstate is a Florida foreign limited liability company organized under the laws of the State of Delaware.

3. Cooper is a Florida corporation with its principal place of business at 4895 West Waters Avenue, Suite E, Tampa, Florida 33634, and is thus subject to personal jurisdiction in this Court.

4. The Court has subject matter jurisdiction because there is complete diversity among the parties. Sunstate is an LLC with its sole member being another LLC whose members are LLCs whose members all reside in California. The amount at issue in this declaratory action exceeds $150,000.00.

5. Venue is proper in this Court because Cooper is located in Hillsborough County, Florida.

## THE LEASE, THE OPTION, AND THE DISPUTE

6. In November 2011, WSJ Sunstate Center IV, LLC ("WSJ") entered into a lease agreement with Cooper for Cooper's rental of certain flex office suites located at 4895 West Waters Avenue, Suites E-J, Tampa, Florida 33634 (the

"Original Lease"). The Original Lease conveyed a possessory right to Suites E-J in the building and the right to use 33 parking spaces.

7.  The Original Lease included a base rent schedule starting on February 1, 2012, and ending on March 31, 2017.

8.  On September 28, 2016, WMI Sunstate Center, LLC ("WMI") – WSJ's successor-in-interest and Sunstate's predecessor-in-interest – and Cooper entered into an amendment of the Original Lease (the "First Amendment"). The First Amendment included a base rent schedule starting on April 1, 2017, and ending on August 31, 2022.

9.  The First Amendment also contained provisions related to an expansion project where Sunstate would lease to Cooper Suites A-D of the property in addition to Suites E-J that it was already leasing to Cooper. The expansion of the rented square footage in turn increased the number of parking spaces permitted to be used by Cooper.

10. Paragraph 3 of the First Amendment titled "Renewal Term" deleted and succeeded Article XXIX of the Original Lease. The amended Renewal Term in the First Amendment provided for a renewal option of an additional five years with no set base rent. The base rent would be negotiated by the parties. If the parties could not agree, the base rent would be determined by a baseball arbitration procedure and appraisal process. All other provisions of the Original Lease remained in full effect.

11. On November 9, 2017, Sunstate and Cooper agreed to an amendment of the Original Lease as modified by the First Amendment (the "Second Amendment"). The Second Amendment did not amend any provisions material to this action.

12. No other amendments were made to the Original Lease.

13. The Original Lease, the First Amendment, and the Second Amendment shall collectively be referred to as the "Lease."

14. Throughout the duration of the base rent schedules in the Original Lease and the First Amendment, Sunstate's predecessors-in-interest allowed Cooper to use various common areas of the subject property. Because they set the base rent, they must have chosen a rental amount they believed fairly compensated for such use.

15. At the end of the base rent schedule in the First Amendment, Cooper exercised its option to renew the Lease. After good-faith negotiations, Sunstate and Cooper were unable agree to the base rent amount. Accordingly, the base rent amount was chosen by an appraiser selected under the baseball arbitration procedure provided in the First Amendment.

16. Section 28.18 of the lease provides that the leased premises include the building only and nothing else. Specifically, it states:

> **Section 28.18 Landlord Rights.** This Lease does not grant any rights to light or air over or about the Premises. Landlord [Suncoast] specifically excepts and reserves to itself the use of any roofs, the exterior and structural components of the Building,

4

all rights to the land and improvements below the improved floor level of the Building, to the improvements and air rights above the Building and to the improvements and air rights located outside the demising walls of the Building and to such areas within the Building required for installation of utility lines and other installations and to such portions of the Premises necessary to access, maintain and repair same, and no rights with respect thereto are conferred upon Tenant [Cooper].

17. The term "Premises" is defined in the Lease as: "11,507 rentable square feet, known as 4895 W. Waters Avenue, Suite E-J, Tampa, Florida 33634, and located in the Building." As noted *supra*, the First Amendment expanded the definition of Premises to also include Suites A-D, but nothing more.

18. In sum, Cooper has a right to possession of Suites A-J of the subject property, the limited parking space rights expressly stated in the Lease, and the necessary implied right of ingress and egress. Without a right in the Lease to use the other common areas, Cooper has no right to such use.

19. Cooper also has no right to the use of the common areas by oral amendment. Section 28.14 of the Lease states:

> **Section 28.14 Landlord's Consent** … No waiver by Landlord of any other breach of the covenants of this Lease shall be construed, taken or held to be a waiver of any other breach or to be a waiver, acquiescence in or consent to any further or succeeding breach of the same covenant. None of the Tenant's covenants under this Lease, and no breach thereof, shall be waived, altered or modified except by a written instrument executed by Landlord….

20. Because of the plain language of Section 28.14, Cooper has no claim to waiver of Section 28.18 resulting from its prior use of the common areas.

21. Cooper cannot have justifiably relied on any oral amendment to Section 28.18, thereby precluding any estoppel.

22. After Cooper exercised its renewal option and the base rent was determined by the baseball arbitration process, Sunstate offered to negotiate with Cooper for fair consideration to be paid for Cooper's use of the common areas.

23. Cooper responded in a way that Sunstate understood to mean that Cooper believed it already had a right in the Lease to unfettered use of the common areas.

24. Indeed, Cooper continues to use the common areas despite refusing Sunstate's proposal to negotiate fair compensation for such use.

25. As such, there exists a bona fide, actual, present, and practical need for declaratory relief.

26. The declaration at issue concerns a present and ascertained, or ascertainable, state of facts.

27. An immunity, power, privilege, or right of Sunstate and/or Cooper is dependent upon the law applicable to the facts and/or upon the facts themselves.

28. The parties to this lawsuit have an actual, present, adverse, and antagonistic interest in the subject matter of this lawsuit.

29. The antagonistic and adverse interests are all before the court by proper process.

30. The relief sought is not merely giving of legal advice or the answer to questions propounded for curiosity.

WHEREFORE Sunstate requests that the Court enter a declaratory judgment ruling that Cooper has no right to the use of the common areas of the subject property that are not expressly provided in the Lease or necessary for ingress and egress, award Sunstate its litigation costs, expenses, and reasonable attorneys' fees as permitted by the Lease, and award such other, supplementary relief to which Sunstate may be rightly entitled.

Dated: September 6, 2022

/s/ Paul Thanasides
Paul Thanasides
Florida Bar No.: 103039
paul@mcintyrefirm.com
complexlit@mcintyrefirm.com
Jorge Callaos
Florida Bar No.: 1020500
jcallaos@mcintyrefirm.com
clservice@mcintyrefirm.com
McIntyre Thanasides Bringgold Elliott
    Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 35602
Telephone: 813.223.0000
Facsimile: 813.225.1221
**Counsel for Plaintiff**